SOLOMON EHRENWORTH, Respondent, v. GEORGE F. STUHMER & COMPANY, INC., Appellant.— Plaintiff's evidence tended to show that the parties

orally agreed that defendant would sell to plaintiff such amount of black bread or pumpernickel as plaintiff needed for his trade, at one cent a loaf below wholesale price and two cents below retail price, so long as they both should be in business; that plaintiff would sell no other black bread than defendant's, and that defendant should sell to no one other than plaintiff in East New York and Brownsville; that the parties so dealt to their mutual satisfaction for about eight years, during which time plaintiff built up a large trade in defendant's bread, when defendant broke its promise by advertising and selling direct in the stipulated territory. We think that the contract lacked mutuality, and so consideration, and that defendant's promise was a nude pact. The contract as to amount, as to time of duration and as to price, although not certain, could be reduced to certainty, — the amount by reference to plaintiff's needs in his business, the duration by the time that both plaintiff and defendant continued in business, and the price by reference to the prevalent wholesale and retail price; but plaintiff did not bind himself to purchase any definite amount, or any amount whatever, nor to continue in business for any definite length of time or for any time whatever. There, therefore, rested on the plaintiff no obligation which supported the undertaking of defendant. The real substance of the engagement was an executory contract of sale. There was no element of agency or employment in it, and plaintiff's agreement to sell no other black bread than defendant's, and defendant's agreement to sell to no one else, are merely incidental to the contract of sale, and cannot suffice to give vitality to such an agreement which lacks an essential element of a valid contract. Judgment and order reversed, with costs to the appellant, and complaint dismissed. Jenks, P. J., Thomas, Mills and Blackmar, JJ., concurred; Putnam, J., voted to affirm on the ground that from the condition that plaintiff should sell no other pumpernickel bread than Stuhmer's a jury might find that this restriction really amounted to an agreement to take Stuhmer's pumpernickel. In *Wells* v. *Alexandre* (130 N. Y. 642) the court speaks of a readiness to infer things needful to supplement express terms if " any other construction would make the contract unreasonable and place one of the parties entirely at the mercy of the other."